**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JIMMY BEAUVOIR,**

                                **Plaintiff,**

vs.                                                   **9:14-cv-1495
(MAD/DEP)**

**SMITH,** *Correctional Officer*; *Bare Hill Correctional Facility*; **CONTO,** *Correctional Officer; Bare Hill Correctional Facility;* **BASHAW,** *Correctional Officer*; *Bare Hill Correctional Facility;* **LAGRAY,** *Correctional Lieutenant*; *Bare Hill Correctional Facility*,

                                **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JIMMY BEAUVOIR**
**14-A-0367**
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **LOUIS JIM, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

    Plaintiff *pro se* Jimmy Beauvoir, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action brought pursuant to 42 U.S.C. § 1983 asserting claims arising from an incident that allegedly occurred on September 13, 2014, when he was incarcerated at the Bare Hill Correctional Facility ("Bare Hill"). *See generally* Dkt. No. 16.

    On December 29, 2016, Defendants filed a motion for summary judgment seeking

dismissal of Plaintiff Beauvoir's Eighth Amendment excessive force claim against Defendants Kevin Smith, Daniel Conto, and Carl Bashaw, and Fourteenth Amendment false imprisonment claim against Defendant Jeff LaGray. *See* Dkt. No. 75. Defendants argue that not only does the record completely contradict Plaintiff's allegations that Defendants violated the Eighth Amendment by using excessive force and that Plaintiff did not receive the process that he was due under the Fourteenth Amendment, but that Plaintiff failed to exhaust all administrative remedies available to him under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 75-27 at 11. Plaintiff failed to respond to the motion for summary judgment. *See* Dkt. No. 82 at 6. In an August 30, 2017 Report and Recommendation, Magistrate Judge Peebles recommended granting Defendants' motion for summary judgment. *See id.* at 2.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, \*1 (S.D.N.Y. Nov. 29, 2004). Since Plaintiff has not objected to Magistrate Judge Peebles' Report and Recommendation, the Court reviews the report for clear error.

A court may grant a motion for summary judgment only if "the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'"

*Id.* at 36-37 (quotation and other citation omitted).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable factual inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's statement of material facts; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003).

Moreover, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* at 295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, at *1 (S.D.N.Y. May 16, 2001)).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

3

§ 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *See Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016). The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90-103.

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* at § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to Central Office Review Committee ("CORC"), which makes the final determination within the administrative review process. *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to section 1983. *See*

4

*Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)). When a plaintiff presents a claim arising "directly out of a disciplinary or administrative segregation hearing . . . (*e.g.*, a claim of denial of procedural due process), he exhausts his administrative remedies by presenting his objections in the administrative appeals process, not by filing a separate grievance instead of or in addition to his ordinary appeal." *Sweet v. Wende Corr. Facility*, 514 F. Supp. 2d 411, 413 (W.D.N.Y. 2007) (internal quotation and citations omitted); *see also Davis v. Barrett*, 576 F.3d 129, 131-32 (2d Cir. 2009).

To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by CORC, must be completed before an action asserting that claim may be initially filed. *See*, *e.g.*, *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, at *5 (N.D.N.Y. Nov. 9, 2015) ("Receiving a decision from CORC *after* commencing litigation does not satisfy PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice") (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002)); *Rodriguez v. Rosner*, No. 12-CV-958, 2012 WL 7160117, at *8 (N.D.N.Y. Dec. 5, 2012). "[A] post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced." *Guillory v. Haywood*, No. 9:13-CV-1564, 2015 WL 268933, *11 (N.D.N.Y. Jan. 21, 2015) (citing *Neal*, 267 F.3d at 122) (other citation omitted).

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross v. Blake*, ___ U.S. ___ 136 S. Ct. 1850, 1855 (2016). "First, an administrative remedy may be unavailable when 'it operates as a simple dead

end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859). "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). "In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.'" *Id.* at 123-24 (quoting *Ross*, 136 S. Ct. at 1859). "Third, an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860).[1]

In the present matter, the Court finds that Magistrate Judge Peebles correctly determined that Defendants' motion for summary judgment should be granted. Plaintiff failed to controvert Defendants' well-supported assertion that Plaintiff failed to appeal any claims to the CORC, thus failing to exhaust all administrative remedies available to him prior to filing a suit with the Court. *See* Dkt. No. 75-27 at 13.

Furthermore, since Plaintiff was able to discern and navigate the first two steps of the grievance process, there is nothing to suggest that the third step, the appeal to CORC, was opaque to such a point that it became incapable of use. *See* Dkt. No. 75-27 at 13. A print-out from the CORC database of grievances filed over the previous year show that Plaintiff did not appeal any

---

[1] In *Ross*, the Court rejected the Second Circuit's "extra-textual" exception to the PLRA's exhaustion requirement which allowed the taking into account of "special circumstances" to justify a prisoner's failure to comply with administrative procedural requirements. *See Ross*, 136 S. Ct. at 1856-57. Rather, it held that the only limit to the PLRA's exhaustion requirement "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.* at 1862; *see also Williams*, 829 F.3d at 123 (recognizing that the framework set forth in *Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) and *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), setting forth a "special circumstances" exception to the PLRA's exhaustion requirement has been abrogated in part by *Ross*). As such, the Supreme Court specifically found that an inmate's mistaken belief that he has exhausted his administrative remedies, even where that belief seems reasonable, does not make the administrative remedy unavailable. *See id.* at 1858.

6

grievances to the CORC, and, therefore cannot file a valid civil rights claim in court until he does so. *See* Dkt. No. 75-11. Although the courts review *pro se* plaintiffs' submissions under a more lenient standard, these plaintiffs are not excused from "following the procedural requirements of summary judgment," which plaintiff failed to do by opting not to contest, or in any way answer, Defendants' properly filed motion for summary judgment, thus effectively consenting to the granting of the relief sought by Defendants pursuant to Local Rule 7.1(b)(3). *See* Dkt. No. 78.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 75) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 26, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge